IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| KAY MA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No.  4:23-cv-00360-O |
| § | |
| TRAVELERS PERSONAL § | |
| INSURANCE COMPANY, et al., § | |
| § | |
| Defendants. § | |

## OPINION & ORDER

This lawsuit arises from a dispute regarding an insurance claim over freeze related damage. Before the Court is Defendant Travelers Personal Insurance Company's (hereinafter "Travelers") Notice of Removal (ECF No. 1), filed April 14, 2023. In its Notice of Removal, Travelers concedes that Defendant Ismael Espinoza (hereinafter "Espinoza") is non-diverse but alleges that he is improperly joined in this dispute. As such, the issue of improper joinder is ripe for review.

Upon reviewing the briefing, evidence, and applicable case law, the Court finds that Defendant Espinoza should be, and is hereby, **SEVERED** from this case. Having severed Defendant Espinoza, complete diversity exists between Plaintiff and the properly joined Defendant Travelers. Accordingly, the Court may proceed to exercise jurisdiction over this dispute.

## BACKGROUND

Plaintiff Kay Ma (hereinafter "Plaintiff") owned an insurance policy (the "Policy") with Travelers that covered freeze related damage.[1] In the aftermath of a freeze, Plaintiff submitted a claim to Travelers to cover the cost of the freeze damage to her property.[2] In response, Travelers

---

[1] Pl.'s First Am. Pet. 2, ECF No. 1-1 at 35.
[2] Pl.'s First Am. Pet. 2-3, ECF No. 1-1 at 35-36.

1

assigned its agent, Defendant Ismael Espinoza (hereinafter "Espinoza"), to investigate and adjust the claim.[3] Espinoza concluded that Plaintiff had sustained coverable damages totaling $23,600.00, which plaintiff contends was not enough to make the necessary repairs.[4]

On March 22, 2023, Plaintiff filed her First Amended Petition against Travelers and Espinoza in Texas state court for various claims regarding their alleged failure to properly inspect and cover the damage to Plaintiff's property.[5] Specifically, Plaintiff alleges, in part, that Espinoza failed to properly investigate her insurance claim thereby causing Travelers to deny her adequate coverage.[6] Subsequently, in a letter dated April 6, 2023, Travelers elected to accept any liability Espinoza might have to Plaintiff pursuant to Texas Insurance Code § 542A.006.[7]

## **LEGAL STANDARDS**

A defendant may remove a case to federal court when federal jurisdiction exists if they follow the proper procedure for removal. *See Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); 28 U.S.C. § 1441. The removing party bears the burden of establishing that a state court suit is removable to federal court. *Manguno*, 276 F.3d at 723. To determine whether there is appropriate jurisdiction, the Court considers the claims in the state court petition as they existed at the time of removal. *Id.* (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)). Courts should resolve any doubts about the propriety of removal in favor of remand. *Id.*

A federal court has subject matter jurisdiction based on diversity of citizenship "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is

---

[3] Pl.'s First Am. Pet. 3, ECF No. 1-1 at 36.
[4] *Id.*
[5] Pl.'s First Am. Pet. 1, ECF No. 1-1 at 34.
[6] Pl.'s First Am. Pet. 3, ECF No. 1-1 at 36.
[7] Def.'s Acceptance of Responsibility, Ex. B, ECF No. 1-2 at 3.

between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Proper jurisdiction under 28 U.S.C. § 1332 requires complete diversity between plaintiffs and defendants. *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). For there to be complete diversity, all parties on one side of the controversy must be citizens of different states from all parties on the other side. *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968).

When reviewing whether a case is properly removed, courts must consider the federal removal statute, which permits removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (citing 28 U.S.C. § 1441(a)). The statute further provides that suits "may not be removed if any of the parties in interest *properly joined* and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). Thus, to remove a case to federal court, a defendant must establish that all non-diverse parties are improperly joined.

To establish improper joinder, the burden is on the defendant to show "(1) actual fraud in pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 573 (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)) (internal quotation marks omitted). To apply the second prong, a defendant must show that the plaintiff cannot possibly recover against the in-state defendant. *Id.* In determining this, a court may conduct a Rule 12(b)(6)-type analysis by looking at the complaint and determining if the plaintiff has "misstated or omitted discrete facts that would determine the propriety of joinder." *Id.* In conducting this analysis, a court must "examine the plaintiff's possibility of recovery against that defendant *at the time of removal*." *Flagg v Stryker Corp.*, 819 F.3d 132, 137 (emphasis in original).

Further, the Fifth Circuit has confirmed that there is no possibility of recovery against an adjuster when the carrier has accepted liability before the case is removed to federal court. *Advanced Indicator & Mfg., Inc. v. Acadia Ins. Co.*, 50 F.4th 469, 474 (5th Cir. 2022). Thus, when the carrier has accepted liability before removal of the case, "the court shall dismiss the action against the agent with prejudice." *Id.* at 475 (quoting Tex. Ins. Code § 542A.006(c)).

## ANALYSIS

Here, the relevant facts mirror those of *Acadia*. Similar to how the defendant in *Acadia* elected to accept responsibility for the insurance adjuster under § 542A.006, Travelers has elected to accept responsibility for Espinoza.[8] 50 F.4th at 472. Because of this election, and because all Plaintiff's claims against Espinoza fall within the scope of his employment with Travelers, there was no possibility of recovery against Espinoza at the time of the removal. Other courts in this circuit have applied *Acadia* and reached similar conclusions. *See Nguyen v. Amguard Ins. Co.*, No. 4:22-CV-175-SDJ, 2022 WL 17477545, *3 (E.D. Tex. Dec. 6, 2022); *but see Lawrence Family Fund, LLC v. Westchester Surplus Lines Ins. Co.*, No. 4:22-CV-240-SDJ, 2023 WL 2457359, at *6 (E.D. Tex. Mar. 10, 2023) (holding that defendant was not improperly joined because "at least one claim against [plaintiff] would survive a 12(b)(6)-type analysis"). Thus, the Court finds that Espinoza is an improperly joined party, and he must be **SEVERED** from this suit.

Accordingly, complete diversity exists in this case; Espinoza cannot be considered when determining whether complete diversity exists between the parties under 28 U.S.C. § 1332(a), and the remaining parties are completely diverse. As such, the Court's continued jurisdiction over this matter is proper.

---

[8] Def.'s Acceptance of Responsibility, Ex. B, ECF No. 1-2 at 3.

## **CONCLUSION**

For the foregoing reasons, the Court hereby **SEVERS** Defendant Espinoza from this case. All claims against Espinoza are **DISMISSED with prejudice**. Having severed Defendant Espinoza, complete diversity exists between Plaintiff and the properly joined Defendant Travelers. Accordingly, the Court may proceed to exercise jurisdiction over this dispute.

**SO ORDERED** on this **7th day** of **July, 2023.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**